UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS MICHAEL BENHOFF, Petitioner, v. STU SHERMAN, Warden, Respondent. | Case No.: 19cv2191-GPC-MDD  **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**  **[ECF No. 7]** |
|---|---|

This Report and Recommendation is submitted to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Respondent's motion to dismiss be **DENIED**.

## I.     PROCEDURAL BACKGROUND

### A.   Federal Proceedings

On November 14, 2019, Thomas Michael Benhoff ("Petitioner"), a California probationer proceeding *pro se* and *in forma pauperis*,

constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (ECF Nos. 1, 3). Petitioner raises four grounds for relief. (ECF No. 1 at 6-9). The first through third grounds for relief arise out of Petitioner's lack of access to the jail's law library, resulting in: (1) denial of attorneys of choice; (2) denial of access to the courts; and (3) a First Amendment violation. (*Id.* at 6-8). Petitioner's fourth ground for relief asserts that the trial court errantly imposed an aggravated sentence based on facts not found to be true by the jury. (*Id.* at 9).

On December 12, 2019, Stu Sherman ("Respondent") moved to dismiss the Petition on the grounds that it is wholly unexhausted. (ECF No. 7-1 ("MTD")). On January 17, 2020, Petitioner filed a response in opposition, conceding that the Petition is unexhausted but asking the Court stay his Petition and hold it in abeyance. (ECF No. 12 ("Oppo.") at 1).

**B.   State Proceedings**

Petitioner pleaded guilty to two counts of annoying or molesting children (Cal. Penal Code § 647.6(a)(1)) and one count of indecent exposure (Cal. Penal Code § 314(1)). (Lodgment 1 at 2). Petitioner further admitted to the existence of several prior convictions, including felony lewd intent touching of a child under fourteen years old (Cal. Penal Code § 288(a)). (*Id.*). Pursuant to California Penal Code § 647.6, Petitioner's prior conviction was used to impose the alternative felony sentencing provision of California Penal Code § 647.6(c)(2) due to his status as a repeat offender. (*Id.*). As such, Petitioner was sentenced to 12 years in state prison. (*Id.* at 2-3).

Petitioner appealed to the California Court of Appeal, arguing that

---

[1] At the time Petitioner filed the instant Petition he was incarcerated. (*See* ECF No. 1 at 2 (stating that Petitioner's release date was November 18, 2019)).

equal protection principles prohibit the use of his prior conviction to elevate his offenses of annoying or molesting children to felony status. (Lodgment No. 1). Petitioner filed a Petition for Review with the California Supreme Court raising the same issue. (*See* Lodgment No. 2). The Petition for Review was denied without comment. (*Id.*).

Petitioner also filed numerous habeas corpus petitions in state court. (*See* Lodgment No. 3). Of relevance to the instant motion, Petitioner filed a habeas corpus petition in the California Supreme Court in December 2018, arguing that: (1) the trial judge imposed an aggravated sentence based upon purported facts that no jury found to be true; and (2) he was denied his privately retained attorneys of choice for the entirety of his criminal proceedings.² (Lodgment No. 4). In support of his second ground for relief, Petitioner appended a memorandum identical to a memorandum appended in the instant Petition in support of his first three grounds for relief. (*See id.*; *see also* ECF No. 1 at 13). The appended memorandum argues that his lack of access to the jail's law library resulted in: (1) denial of attorneys of choice; (2) denial of access to the courts; and (3) a First Amendment violation. (Lodgment No. 4). The California Supreme Court denied the petition on January 29, 2020. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2272158&doc_no=S252859&request_token=NiIwLSEmXkw9WzBZSCJdSE

---

² Petitioner filed a second habeas corpus petition in the California Supreme Court contending he has been unlawfully excluded from early parole. (Lodgment No. 5). This petition was denied on January 29, 2020. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2279654&doc_no=S254286&request_token=NiIwLSEmXkw9WzBZSCJdSENIQEQ0UDxTJiNeTzJSUCAgCg%3D%3D (last updated Feb. 6, 2020 at 9:54 AM). Petitioner does not raise that claim in the instant federal petition. (ECF No. 1).

JIMEA0UDxTJiI%2BJz9RICAgCg%3D%3D (last updated Feb. 6, 2020 at 9:54 AM).

## II. LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby exhausting them. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and citations omitted). Exhaustion of a habeas petitioner's federal claims requires that they have been fairly presented in each appropriate state court, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. *Ross v. Craven*, 478 F.2d 240, 240-41 (9th Cir. 1973). To exhaust one's claims, the petitioner must also "alert[] [the state] court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29. A petitioner may do so by citing the source of federal law upon which he relies, or by labeling the claim as "federal." *Id.* at 32.

## III. DISCUSSION

Respondent moved to dismiss on December 12, 2019, based on Petitioner's failure to exhaust his state court remedies. (MTD). At the time of the filing of the motion, Respondent was correct. On that date, Petitioner's claims were still pending before the California Supreme Court. (Lodgment Nos. 6, 7). Since then, however, Petitioner has exhausted his state court

remedies. (*See* Lodgment No. 4 (raising the same four grounds for relief as the instant federal petition)); *see also* Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2272158&doc_no=S252859&request_token=NiIwLSEmXkw9WzBZSCJdSEJIMEA0UDxTJiI%2BJz9RICAgCg%3D%3D (last updated Feb. 6, 2020 at 9:54 AM) (evincing that Petitioner's December 2018 state habeas corpus petition in the California Supreme Court was denied on January 29, 2020). Therefore, it appears that Petitioner's grounds for relief were exhausted on January 29, 2020. Additionally, Petitioner requested a stay in his Petition and in his opposition to Respondent's motion to dismiss, although he has not filed a formal motion. (ECF No. 1 at 4; Oppo. at 1). Based on the procedural posture of this case and because Petitioner requested a stay in the Petition and in his opposition, the Court **RECOMMENDS** Respondent's motion to dismiss be **DENIED**.[3] Because Petitioner's claims have since been exhausted, the Court also **RECOMMENDS** that any request for a stay be **DENIED AS MOOT**.

## IV. CONCLUSION

At the time Respondent filed the instant motion to dismiss, Petitioner's state court remedies had not been exhausted. However, Petitioner has since exhausted his state court remedies. Therefore, the Court **RECOMMENDS** that Respondent's motion to dismiss be **DENIED** and that Petitioner's request for a stay be **DENIED AS MOOT**.

---

[3] The Court notes that dismissing the Petition for lack of exhaustion at the time the Petition was filed would only result in Petitioner having to immediately re-file his newly-exhausted Petition.

**IT IS ORDERED** that no later than **February 28, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 13, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: February 6, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge