UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MICHAEL BENHOFF,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>Respondent. | Case No.: 3:19-cv-02191-GPC-MDD<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION DENYING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 7]** |

On November 18, 2019, Petitioner Thomas Michael Benhoff ("Petitioner" or "Benhoff"), a California probationer proceeding *pro se* and *in forma pauperis* ("IFP"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 2.) The Court granted the IFP motion on November 21, 2019. (ECF No. 3.)

On December 12, 2019, Respondent moved to dismiss Mr. Benhoff's Petition on the basis that he had failed to exhaust his remedies in state court. (ECF No. 7.) On January 17, 2020, Petitioner filed a response in opposition to the motion to dismiss asking the Court to stay his Petition and hold it in abeyance. (ECF No. 12.) Presently before the Court is a Report and Recommendation ("Report") issued by the Honorable Magistrate

Judge Mitchell D. Dembin recommending the Court to deny Respondent's motion to dismiss. (ECF No. 13.) No objections have been filed to the Magistrate Judge's Report.

After a thorough review of the issues and for the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report **DENYING** Respondent's motion to dismiss and **DENYING AS MOOT** Petitioner's request for a stay.

## I.   BACKGROUND

Petitioner has served a 12-year sentence in state prison and is now on parole. (ECF No. 1 at 2.) Petitioner pled guilty to two counts of annoying or molesting children in violation of Cal. Penal Code § 647.6(a)(1) and one count of indecent exposure in violation of Cal. Penal Code § 314(1). (ECF No. 8-1 at 2.) Petitioner also "admitted to the existence of several prior convictions, including one under section 288, subdivision (a)." (*Id.*; *see* Cal. Penal Code § 288(a) (felony lewd intent touching of child under 14 years old)). Pursuant to Cal. Penal Code § 647.6(c)(2), Petitioner's prior convictions were used to impose the alternative felony sentencing "due to his status as a repeat offender." (*Id.*)

Petitioner filed a direct appeal to the California Court of Appeal from a judgment of the Superior Court of San Diego County arguing that equal protection principles prohibit the use of his prior conviction under § 288(a) to elevate his offenses to felony status. (ECF No. 8-1 at 3.) The Court of Appeal found "no equal protection violation" and affirmed the judgment of conviction. (*Id.* at 5.) Petitioner filed a Petition for Review with the California Supreme Court raising the same issue. (ECF No. 8-2). The Petition for Review was denied without comment. (*Id.*)

Petitioner also filed several petitions for habeas corpus relief. (*See* ECF No. 8-3 at 1 (taking judicial notice of the record filed in one appeal and multiple orders filed in habeas corpus proceedings)). As relevant here, Petitioner filed a habeas petition with the Superior Court of California, San Diego County, on December 3, 2018. (ECF No. 8-4.) Petitioner appended a memorandum to the petition in state court that is similar to the

memorandum also appended in his federal petition. (*Compare* ECF No. 8-4 at 53 *with* ECF No. 1 at 13.) Between the state court petition and its attached memorandum, Petitioner asserted that the trial judge imposed an aggravated sentence based on facts that no jury found to be true, that he was denied attorneys of his choice in violation of the Sixth Amendment, that he was denied access to the courts in various ways, and that the denial of access to legal materials violated the First Amendment. (ECF No. 8-4 at 3, 14, 21, 30–31.) On January 29, 2020, the California Supreme Court denied the petition without comment.[1] (ECF No. 15 at 2.)

On November 18, 2019, Petitioner filed a federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He raised four grounds for relief: (1) denial of attorneys of choice; (2) a due process violation premised on denial of access to the courts; (3) a First Amendment violation; and (4) a Sixth Amendment violation. (ECF No. 1 at 6–9.) The first through third grounds for relief are premised on Petitioner's lack of access to the jail law library. (*Id.*) The fourth ground for relief is based on the assertion that the trial court "imposed an aggravated sentence in [Petitioner's] case based exclusively on 'facts' no jury had ever found to be true." (ECF No. 1 at 9.) Petitioner's attached memorandum also alleges that appellate counsel was ineffective and a violation of right to a jury trial. (*See id.* at 13.)

On December 12, 2019, Stu Sherman ("Respondent") moved to dismiss the Petition because Benhoff had not exhausted his state remedies. (ECF No. 7-1.) On January 17, 2020, Petitioner filed a response in opposition asking the Court to stay his Petition and hold it in abeyance. (ECF No. 12.) On February 6, 2020, the Magistrate

---

[1] Petitioner's request to lodge the Supreme Court of California's denials of his habeas petitions is **GRANTED**. (ECF No. 15.) Notably, the Supreme Court of California's decisions on January 29, 2020, deny both the foregoing petition (Case No. S252859), as well as another petition that was pending with California's state courts (Case No. 254286.) (ECF No. 15 at 2–3; ECF No. 8-5.)

1

Judge issued a Report and Recommendation ("R&R") as to Respondent's motion, recommending to this Court that the motion to dismiss be denied because Petitioner had exhausted his state remedies. (ECF No. 13.) Plaintiff has since requested a ruling on the Magistrate Judge's R&R. (ECF No. 17.)

## II.   STANDARD OF REVIEW

### A. Magistrate Judge's Report

The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). The district court need not review de novo those portions of a Report to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) (citing *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)). The Magistrate Judge ordered that the parties may file written objections with the court by February 28, 2020 and none have been filed. (ECF No. 13.)

## III.   DISCUSSION

### A. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that a district court must petitions containing unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.") A California prisoner "seeking federal habeas corpus relief must exhaust his claims before the California courts prior to filing for habeas corpus relief in federal court." *Dixon v. Clark*, 714 F. Supp. 2d 1029, 1032 (C.D. Cal. 2010) (citation omitted).

Habeas corpus petitioners' claims must be "fairly presented" in state courts to be considered exhausted, which generally requires the Petitioner to bring forward his claim "in each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To "fairly present" a claim for purposes of exhausting state remedies, petitioners must alert the state court to the federal nature of their claims within their habeas corpus petition. *See id.* at 31. Habeas corpus petitioners must present the same claim or claims to the state courts as they present to a federal court. *See Picard v. Connor*, 404 U.S. 270, 276 (1971) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies").

In California, petitioners whose appeals were denied by the California Supreme Court have exhausted their state remedies even if the court denied their appeal without explanation. *See Castro v. Klinger*, 373 F.2d 847 (9th Cir. 1967). "Federal courts should avoid the temptation to postpone confronting the merits of federal habeas applications by needlessly returning petitioners to the state courts. Overburden on both federal and state systems is thereby increased." *Ross v. Craven*, 478 F.2d 240, 241 (9th Cir. 1973). Federal courts must not encourage repetitious applications to state courts in the guise of requiring petitioners to exhaust state remedies. *Id.*

B. <u>Magistrate Judge's Analysis</u>

On February 6, 2020, the Magistrate Judge issued a Report recommending the Court deny Respondent's motion to dismiss because Petitioner had exhausted his state remedies. (ECF No. 13.) The Magistrate Judge observed that, as of December 12, 2019, when Respondents moved to dismiss the Petition, Petitioner had yet to exhaust his remedies because he still had a state habeas petition under review. (*Id.* at 4.) The Magistrate Judge then observed that Plaintiff's habeas petition in state court was denied on January 29, 2020. (*Id.* at 5) The Magistrate Judge then concluded that Petitioner's

grounds for relief were exhausted. (*Id.*) Importantly, the Magistrate Judge reviewed the state and federal habeas petitions and concluded that they "rais[ed] the same four grounds for relief." (*Id.*)

### C. This Court's Analysis

Here, the Court adopts the Magistrate Judge's conclusion. As noted, Petitioner pled to three offenses in California state court. (ECF No. 8-1 at 2.) Plaintiff has since appealed his convictions to the Supreme Court of California and filed several habeas petitions in state court which have been denied. (*See* ECF Nos. 8-1 at 3, 8-2, 8-3 at 1.) Plaintiff, moreover, raised the very same arguments in a recent state habeas petition that he now presents in his federal habeas petition. (*Compare* ECF No. 8-4 at 53 *with* ECF No. 1 at 13.) These arguments include that the trial judge imposed an aggravated sentence based on facts that no jury found to be true, that Petitioner was denied attorneys of his choice in violation of the Sixth Amendment, that he was denied access to the courts in various ways, and that the denial of access to legal materials violated the First Amendment. (ECF No. 8-4 at 3, 14, 21, 30–31.)

On this record, the Court concludes that Plaintiff has fairly presented his arguments to a state court and thus exhausted his remedies. *See Dixon*, 714 F. Supp. 2d at 1032 (finding that plaintiff has adequately exhausted his § 2254 claim after a state court denied a habeas petition raising the same issues). To the extent Petitioner's motion differs slightly from the arguments raised before the state courts, the Court recognizes that "pro se [habeas] petitions are held to a more lenient standard than counseled petitions." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). Respondent, moreover, "provides no basis to conclude otherwise," arguing only that Plaintiff had not raised the arguments in his petition on appeal and that his two state petitions were still pending. *See Cox v. Biter*, No. CV 13-2703-MWF, 2014 WL 1325510, at *5 (C.D. Cal. Mar. 31, 2014) (relying on movant's failure to articulate another counterargument as the basis for finding

exhaustion). As is clear from Plaintiff's submission following the motion to dismiss, that is no longer the case. (ECF No. 15.)

## IV. CONCLUSION

Based on the above, the Court **ADOPTS** the Magistrate Judge's Report **DENYING** Respondent's motion to dismiss and **DENYING AS MOOT** Petitioner's request for a stay.

**IT IS SO ORDERED.**

Dated:  July 27, 2020

Hon. Gonzalo P. Curiel
United States District Judge