UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MICHAEL BENHOFF,<br><br>                                    Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>                                    Respondent. | Case No.: 19cv2191-GPC-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO STAY**<br><br>[ECF No. 19] |

This Report and Recommendation is submitted to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

On August 4, 2020, Thomas Michael Benhoff ("Petitioner"), a California probationer filed an *ex parte* motion to stay parole, or alternatively to be released on bail, pending the outcome of these habeas corpus proceedings on the merits. (ECF No. 19 ("Mtn.")). Respondent filed a response in opposition [ECF No. 27 ("Oppo.")], to which Petitioner replied [ECF No. 28 ("Reply")]. For the reasons stated herein, the Court **RECOMMENDS** Petitioner's motion be **DENIED**.

1

## I.     RELEVANT BACKGROUND

On November 14, 2019, Petitioner constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 3). Petitioner raises four grounds for relief. (ECF No. 1 at 6-9). The first through third grounds for relief arise out of Petitioner's lack of access to the jail's law library, resulting in: (1) denial of attorneys of choice; (2) denial of access to the courts; and (3) a First Amendment violation. (*Id.* at 6-8). Petitioner's fourth ground for relief asserts that the trial court errantly imposed an aggravated sentence based on facts not found to be true by the jury. (*Id.* at 9).

Petitioner pleaded guilty to two counts of annoying or molesting children (Cal. Penal Code § 647.6(a)(1)) and one count of indecent exposure (Cal. Penal Code § 314(1)). (Lodgment 1 at 2). Petitioner further admitted to the existence of several prior convictions, including felony lewd intent touching of a child under fourteen years old (Cal. Penal Code § 288(a)). (*Id.*). Pursuant to California Penal Code § 647.6, Petitioner's prior conviction was used to impose the alternative felony sentencing provision of California Penal Code § 647.6(c)(2) due to his status as a repeat offender. (*Id.*). As such, Petitioner was sentenced to 12 years in state prison. (*Id.* at 2-3). Petitioner was released from state prison on November 18, 2019 and is currently serving a three-year parole term. (*See* ECF No. 1 at 2; Mtn. at 3).

//
//
//
//
//
//

## II. LEGAL STANDARD

The Ninth Circuit has not decided whether a district court has the authority to release a habeas corpus petitioner on bail pending resolution of habeas corpus proceedings. *See In re: Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). Assuming district courts do have such authority, "it is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'" *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016) (quoting *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)). While discussed in the disjunctive, *In re: Roe* considered probability of success as an important factor *within* the general special circumstances analysis. *See In re: Roe*, 257 F.3d at 1080-82.

## III. DISCUSSION

As an initial matter, Petitioner's request to be released on bail is frivolous. Petitioner is not entitled to bail because he is not in custody and the restrictions placed on a parolee are not tantamount to those placed on persons in custody. *See* 18 U.S.C.S. § 3141. Although he is not entitled to be released on bail, the Court applies the legal standard for releasing in custody habeas corpus petitioners on bail because it is the most applicable to the posture of the case.[1]

First, Petitioner asserts that his claims have a likelihood of success on the merits because he is presenting substantial constitutional claims that "there[are] really no cognizable defense[s] to[.]" (Mtn. at 7). In support, he

---

[1] Petitioner asserts that the Court should apply the legal standard for staying state court proceedings, but concedes that "no state court proceedings would be interrupted by a stay." (*See* Mtn. at 4-7). Additionally, neither party identifies case law staying a petitioner's term of parole pending resolution on the merits of a habeas corpus petition. (*See* Mtn.; Oppo.).

points to his 36-pages of argument attached to his Petition and elaborates those arguments in reply. (Mtn. at 7; Reply). In opposition, Respondent states that Petitioner's claims are not cognizable, and even if they were they would not provide a basis for relief. (Oppo. at 2). The Court does not contend these allegations are not serious. However, "the seriousness of constitutional violations . . . do[] not justify" a stay of parole. *In re: Roe*, 257 F.3d at 1080. As noted by the Ninth Circuit, "mere allegations" are inadequate grounds for relief because "'there are thousands of prisoners confined in state prisons, any of whom, with little assistance from their cell mates, would have no difficulty in drafting a petition for writ of habeas corpus which would allege substantial violations of constitutional rights. We do not propose . . . to open the door to the release of those thousands of prisoners on the basis of mere allegations in their petitions.'" *Id.* (quoting *Benson v. California*, 328 F.2d 159, 163 n.2 (9th Cir. 1964)).

Second, Petitioner argues special circumstances warranting a stay of his parole term exist because he is not able to contact his 81-year-old mother, whom he comforts, buys groceries for, and picks up medicine for, and because he cannot vote or campaign in the upcoming election. (Mtn. at 9-10). Petitioner explains that a healthy relationship with his mother is important to his emotional well-being due to their tumultuous past. (*Id.* at 8). Not being able to contact his mother has "re-traumatized" him and has caused "debilitating" depression. (*Id.* at 9). Additionally, Petitioner feels that campaigning and voting will "be a powerful cure for his inner afflictions that led to his legal problems up to his arrest . . . ." (*Id.* at 10). Respondent contends that "[t]he vast majority of § 2254 petitioners are incarcerated and therefor[e] unable to visit family or vote in elections." (Oppo. at 4). As such, Respondent avers that special circumstances do not exist. (*See id.*).

Petitioner has not established the existence of special circumstances. Examples of special circumstances include where the sentence is "so short that if bail were denied and the habeas petition ultimately granted the petitioner would have already serve[d] the sentence." *Souliere v. Edwards*, 2006 U.S. Dist. LEXIS 76657, at *2 (D. Ariz. 2006) (citing *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992)). Another example is "when a petitioner suffers a serious deterioration of health while incarcerated and there was an unusual delay in the appeals process." *Id.* (citing *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1987)). The circumstances raised by Petitioner do not meet the level of severity in the examples listed above. Rather, these circumstances are common to many habeas corpus petitioners, many of whom are unable to vote or visit with family despite the beneficial impact on their emotional well-being.

## IV.    CONCLUSION

In summation, Petitioner fails to show that this is an extraordinary case because he has neither established a high probability of success nor the existence of special circumstances. In addition, it is not clear this Court even has the authority to issue a stay of Petitioner's parole term pending resolution of these proceedings on the merits. *See McCandless*, 841 F.3d at 822; *In re: Roe*, 257 F.3d at 1080. Accordingly, the Court **RECOMMENDS** that Petitioner's motion to stay his parole term, or alternatively to be released on bail, be **DENIED**.

**IT IS ORDERED** that no later than **September 15, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall

be filed with the Court and served on all parties no later than **September 22, 2020**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated:   September 1, 2020

*[signature]*

Hon. Mitchell D. Dembin
United States Magistrate Judge