UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MICHAEL BENHOFF,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 19-cv-2191-GPC-MDD<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION TO STAY**<br><br>[ECF Nos. 19, 30] |

On August 4, 2020, Petitioner Thomas Michael Benhoff ("Petitioner") filed an Ex Parte Motion to stay parole, or alternatively to be released on bail, pending the outcome of the habeas corpus proceedings on the merits ("Motion"). ECF No. 19. Respondent filed an Opposition to the Motion on August 14, 2020, ECF No. 27, and Petitioner filed a Reply to the Opposition on August 17, 2020, ECF No. 28.

On September 1, 2020, the Honorable Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation ("R&R"), which recommended that Petitioner's Motion be denied. ECF No. 30. Petitioner filed an Objection to the R&R on September 15, 2020. ECF No. 31. In the Objection, Petitioner stated that he "withdraws a request for bail at this time." *Id.* at 1. No reply to the Objection was filed.

1

After a thorough review of the issues and for the reasons set forth below, this Court **ADOPTS** the R&R, **OVERRULES** Petitioner's Objection, and **DENIES** the Motion to Stay.

## I. RELEVANT BACKGROUND

On October 2, 2013, a felony complaint was filed against Petitioner. Lodgment No. 8 (Clerk's Tr. vol. 1), ECF No. 26-1 at 36–43.[1] Petitioner pleaded guilty to two counts of annoying or molesting children and one count of indecent exposure, and accordingly was sentenced to 12 years in state prison on April 5, 2017. Lodgment No. 8 (Clerk's Tr. vol. 7), ECF No. 26-7 at 170–71. Petitioner was released from state prison on November 18, 2019 and is currently serving a three-year parole term. ECF No. 1 at 2.

On November 14, 2019, Petitioner constructively filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 ("Petition"). ECF Nos. 1 and 3. Petitioner raises four grounds for relief. The first three grounds arise out of his lack of access to the jail's law library, resulting in: (1) denial of attorneys of choice; (2) denial of access to the courts; and (3) a First Amendment violation. ECF No. 1 at 6–8. The fourth ground for relief asserts that the trial court erroneously imposed an aggravated sentence based on facts not found to be true by the jury. *Id.* at 9.

Petitioner filed two petitions for writ of habeas corpus in the California courts. Both petitions were summarily denied by the California Supreme Court on January 29, 2020. ECF No. 15 at 2–3.

## II. STANDARD OF REVIEW

The Court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the

---

[1] References to specific page numbers in a document filed in this case correspond to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Since an Objection was made effectively challenging the entirety of the R&R, *cf. Djelassi v. ICE Field Office Dir.*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) ("The Court reviews de novo those portions of the report and recommendation to which specific written objection is made."), this Court will review the R&R de novo.

**III.    DISCUSSION**

    **A.    Authority to Grant Say and Relevant Standard**

This Court will focus its initial inquiry on whether it has authority to stay parole pending the resolution on the merits of the habeas petition, since Petitioner withdrew his request for bail, ECF No. 31 at 1.

In the briefs, no party identified case law on a court's authority to stay parole pending a habeas claim. R&R, ECF No. 30 at 3 n.1. The case law that Petitioner relies on to argue that this Court has such authority, *see* ECF No. 19-1 at 4–7; ECF No. 31 at 2–5, concern the court's authority to issue a stay in general, or at best, the authority to stay the execution of state sentences. *See, e.g.*, *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (affirming that the district court has "sound discretion" to grant stays); *Choung v. People of State of Cal.*, 320 F. Supp. 625, 627–28 (E.D. Cal. 1970) (issuing a stay of the execution of sentence); *Dunham v. Shiff*, No. 18CV863-GPC(JMA), 2018 WL 5292411, at *1 to *2 (S.D. Cal. Oct. 25, 2018) (denying motion to stay state court proceedings); *Paz-Zamora v. Archambeault*, No. 18CV2187-GPC(KSC), 2018 WL 5785287, at *2 (S.D. Cal. Nov. 5, 2018) (denying motion to stay an alien's removal pending habeas ruling); *Medina v. U.S. Dep't of Homeland Sec.*, No. C17-218-RSM-JPD, 2017 WL 2954719, at *20 to *21 (W.D. Wash. Mar. 14, 2017) (discussing conditional release pending habeas petition but all in context of bail), *report and recommendation adopted*, No. C17-218 RSM, 2017 WL 1101370 (W.D. Wash. Mar. 24, 2017).

For the sake of the argument, this Court will assume that it has authority to stay parole as part of the authority to stay sentences. It must still address what standard a petitioner must satisfy for the Court to grant a stay. The Ninth Circuit has not yet decided on the issue. *See United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016) (citing *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001)) (discussing lack of Ninth Circuit decision in context of granting bail pending habeas petition).

The Court will first discuss two standards that would *not* apply, which are the ones articulated by Petitioner both in his Motion and Objection to the R&R, ECF No. 19-1 at 6; ECF No. 31 at 3–4. First, the "substantial grounds" standard presented in *Dunham v. Shiff*, No. 18CV863-GPC(JMA), 2018 WL 5292411, at *2 (S.D. Cal. Oct. 25, 2018), would not apply because *Dunham* discusses the standard for a federal court to stay a state court proceeding. Petitioner makes it clear that he is requesting the stay of "the *execution of state sentences*, separate and distinct from state *court* proceedings."[2] ECF No. 31 at 2 (emphasis in original); *see also* ECF No. 19-1 at 6–7 ("And important to reiterate here, no state *court* proceedings would be interrupted by a stay.").

Second, the four-factor standard similar to granting an injunction, *cf. Winter v. NRDC*, 555 U.S. 7, 20 (2008) (likelihood of success on the merits, irreparable injury, substantial injury to other parties interested and/or balance of equities, and public interest), would not apply. In the Motion, Petitioner referenced *Gilliam v. Foster*, 61 F.3d 1070, 1078 n.5 (4th Cir. 1995) and *Phillips v. Davey*, No. 1:14-CV-01068-LJO,

---

[2] To the extent that Petitioner argues that parole constitutes a state court proceeding, *see* ECF No. 31 at 3, he cannot have it both ways. Revocation of a parole would require a court proceeding but there is no actual revocation dispute pending in court. On the California Prison and Parole Law Handbook that Petitioner generally cites, Petitioner refers to: parole discharge review (§ 11.5), parole release process (§ 11.8), conditions of parole (§ 11.10), and conditions requiring psychological treatment (§ 11.18). None of these sections refer to state court proceedings. Even if these processes later implicate one, a state court proceeding is not at issue now.

2015 WL 3623819, at *8 (E.D. Cal. June 10, 2015), *report and recommendation adopted*, No. 1:14-CV-01068-LJO, 2015 WL 5026171 (E.D. Cal. Aug. 25, 2015).  These cases are inapposite because again they concern issuing a stay of state court proceedings, which Petitioner admitted is not at issue.  Also, in *Gilliam* and *Phillips*, the requesting parties either were filing a preliminary injunction or a temporary restraining order.  Petitioner is not making an equivalent request.  In the Objection, Petitioner presents *Paz-Zamora v. Archambeault*, No. 18CV2187-GPC(KSC), 2018 WL 5785287, at *2 (S.D. Cal. Nov. 5, 2018), which also cites *Nken v. Holder*, 556 U.S. 418, 434 (2009).  These cases are not appropriate to apply either because the standard in *Paz-Zamora* and *Nken* was to address whether to stay an alien's removal order when a habeas petition is pending—specifically in the context of immigration laws with different adjudicating bodies that a court collaterally reviews in a habeas petition.

      Instead, courts across the country have mostly focused on two factors (both of which must be satisfied) when deciding to stay the execution of state sentences: (1) high likelihood of success on the merits, and (2) the exceptional circumstances that justify the stay.  *See, e.g.*, *Whitecalf v. Young*, No. CIV. 14-5072-JLV, 2015 WL 224982, at *1 (D.S.D. Jan. 15, 2015); *Smith v. Sheldon*, No. 5:19CV1496, 2019 WL 6312585, at *1 to *2 (N.D. Ohio Nov. 7, 2019), *report and recommendation adopted*, No. 5:19 CV 1496, 2019 WL 6311498 (N.D. Ohio Nov. 25, 2019).  These two factors match what the Ninth Circuit has indicated as to what would most likely be the focus of the analysis.  *See United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016) ("If district courts have that authority [to grant bail pending resolution of a habeas petition], we have indicated that it is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'").  This Court will proceed with its analysis accordingly.

### B. Application to This Case

Applying the two factors to this case, Petitioner fails to satisfy either, when he must meet both. "In short, is this case distinguishable from other habeas corpus cases?" *Whitecalf v. Young*, 2015 WL 224982, at *1. It is not. There is low likelihood Petitioner will succeed on the merits, and Petitioner's circumstances are not special, exceptional, or extraordinary.

### 1. Low Likelihood to Succeed on the Merits

To start, Petitioner misconstrues the merits discussion presented in the R&R. The R&R concluded the way it did because all Petitioner did in his Motion was re-state the allegations made in his Petition.[3] *Compare* ECF No. 19-1 at 8 ("This Court has Petitioner's 36-page Memorandum discussing and developing each of his claims . . . . He refers this Court to that Memorandum, rather than burden this Court by repetition . . . .") *with Whitecalf v. Young*, No. CIV. 14-5072-JLV, 2015 WL 224982, at *2 (D.S.D. Jan. 15, 2015) (deciding that petitioner failed to meet the merits factor because his "motion to stay under 28 U.S.C. § 2251 largely mirrors the claims contained in his petition under 28 U.S.C. § 2254, which is currently pending before this court"). As the R&R appropriately concluded, "mere allegations" are inadequate grounds for a relief of stay even if a petitioner alleges serious constitutional issues. Or else, all petitioners need to do is draft the petition for writ of habeas corpus which allege substantial violations of constitutional rights, and immediately file a motion for stay that refers to the original petition. This does not make sense. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001).

---

[3] Submitting a declaration in support of the Petition and "verifying" the Memorandum do not by themselves turn an allegation true and thus immune to fact-finding. In addition, Respondent contests the legal implications of the factual allegations, which is what Petitioner must prevail on for this Court to grant the Motion.

The Court will not take the extra step of fully analyzing the merits of Petitioner's case under this Motion because "the decision to stay a sentence is not intended to be an early judgment on the merits of the petition." *Smith v. Sheldon*, 2019 WL 6312585, at \*2; *see also Dotson v. Clark*, 900 F.2d 77, 78 (6th Cir. 1990) (citing *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)) (discussing how a "person's right to liberty pending disposition of his case on the merits is (somewhat) distinct from the merits"). Petitioner, by filing this Motion, is effectively requesting the Court to rule on his Petition early, when this Court has other habeas petitions pending. Not only has Petitioner failed to demonstrate why he deserves special treatment (more to be discussed below), such a treatment makes especially little sense when this Court has yet to be fully briefed on the Petition itself. Petitioner has just filed his Traverse to the Response Answering the Petition on October 2, 2020. ECF No. 32. Afterwards, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the U.S. District Court for the Southern District of California, the Magistrate Judge must submit a report and recommendation on the Petition. With more arguments to be assessed, it makes little sense for the Court to "overcome the strong equitable presumption against granting a stay where the claim can be considered on its merits without requiring entry of a stay." *Whitecalf v. Young*, 2015 WL 224982, at \*2 (D.S.D. Jan. 15, 2015) (citing *Hill v. McDonough*, 547 U.S. 573, 584 (2006)).

To the extent that *some* assessment may still be required, there is low likelihood of success on the merits. For a Section 2254 habeas petition to prevail, the state court adjudication must be (1) "contrary to," or an "unreasonable application of," clearly established federal law, or (2) decided based on "an unreasonable determination of the facts." The California Supreme Court summarily denied the habeas petitions, *see* ECF No. 15 at 2–3, so the Court "looked through" the lower courts' decisions, *Ylst v. Nunnemaker*, 501 U.S. 797, 803–06 (1991). And upon review, Petitioner fails to meet

any of the conditions for habeas relief.  The lower courts did not contravene or unreasonably apply any clearly established federal law because there is no right to a law library access or "hybrid" representation—a discretion is not a mandate.  *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).  There is no ground to believe that the state courts' fact-finding was unreasonable either (nor "intentional subterfuge," as Petitioner insinuates in his Reply,[4] *see* ECF No. 28 at 6).  The significant deference this Court must accord the state courts under Section 2254 does not go away just because parties have moved beyond procedural disputes.  Finally, it is unclear what to make of the ineffective counsel claim in Petitioner's Opposition, ECF 31 at 6.  If it is part of the four grounds for relief, this Court has already addressed the concern.  If it is a new ground for relief, Petitioner has failed to demonstrate that he exhausted the remedies in state court.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982) (dismissing unexhausted claims).

## 2. No Special Circumstance

Petitioner's concerns fail to meet the level of severity that courts have acknowledged as being appropriate to grant a stay.  The R&R appropriately identified example circumstances that were deemed special.  One is "a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989).  That is not the case here.  Petitioner is not experiencing deteriorating health. *Cf. Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (citing *Johnston v. Marsh*, 227 F.2d 528, 529 (3d Cir.1955)) (discussing how a

---

[4] This Court also notes that Petitioner's 18-page Reply Brief has far exceeded the 10-page limit established by Local Civil Rule 7.1.h, with no leave requested.  Courts have the inherent power to manage its docket, including rejecting documents that do not comply with the procedures established. *See, e.g.*, *Welk Resort Grp., Inc. v. Reed Hein & Assocs., LLC*, 2017 WL 11556273, at *1 (S.D. Cal. Nov. 22, 2017); *Ryan v. Hyden*, 2013 WL 12329408, at *1 (S.D. Cal. Apr. 17, 2013).  While the Court will not reject the Reply Brief and instead direct Petitioner to pay closer attention to the filing requirements, it does view this procedural error as a reason to not fully address the merits at this stage of the proceeding.

diabetic prisoner "rapidly progressing toward total blindness" constituted extraordinary circumstances). He is also not incarcerated, but on parole, albeit under circumstances that he objects to. While Petitioner finds a healthy relationship with his mother and political activism important for his well-being, Respondent is correct that most Section 2254 petitioners are also unable to visit family or vote in elections. ECF 27 at 4.

Petitioner's responses are not convincing. Petitioner first argues that the appropriate comparison should not be to prisoners but to other people in parole. ECF 31 at 8. Setting aside the lack of legal authority for this assertion, this approach makes little sense. Since the Court is deciding based on whether it may stay a sentence, the common denominator should be everyone subject to sentencing, which includes prisoners. And even if the Court compares Petitioner's circumstance with that of other parolees, it finds it difficult that the conditions are extraordinarily worse. Numerous parolees are subject to various restrictive conditions as well, some of which may have implications to the parolees' mental and emotional well-being.

Petitioner then argues that his conditions are "extraordinary even compared to the constraints for people locked inside prisons." *Id.* Again, many inmates cannot visit or even interact with their families. It is also difficult for the Court to think that Petitioner views being on parole is *worse* than staying in prison. If so, more evidentiary support is required.

Finally, Petitioner mentions the "vital and psychologically necessary" need for political participation. *Id.* Petitioner cannot prove that not meeting this need is so extraordinary or exceptional compared to other inmates and parolees to the point where it is equivalent to literally—not metaphorically or figuratively—losing sight. *See Landano*, 970 F.2d at 1239.

The other example that the R&R noted as a possible special circumstance is when the sentence is "so short that if bail were denied and the habeas petition ultimately

granted the petitioner would have already serve the sentence." *Souliere v. Edwards*, No. CV 05-4032-PHX-JAT, 2006 U.S. Dist. LEXIS 76657, at *2 (D. Ariz. Oct. 19, 2006) (citing *Landano*, 970 F.2d at 1239). Petitioner contends that this fact pattern applies to his case, but that is not so. In *Landano*, 970 F.2d at 1239, the underlying case in *Souliere*, the court discussed the concern over "the impending completion of the prisoner's sentence" by referencing *Boyer v. City of Orlando*, 402 F.2d 966, 967 (5th Cir. 1968). And *Boyer* found the stay necessary because the petitioner was sentenced for a *total* of 120 days in prison *and* state court remedies were remaining (a final decision by the Florida courts in light of new Supreme Court law on rights to misdemeanor cases). *Id.* Surely when a defendant is sentenced for a total of 120 days, it is difficult to squeeze in all state court merits proceedings, all state court habeas proceedings, and all federal court habeas proceedings. That is not the case here. Proceedings related to Petitioner's incident commenced in 2013, and the state court sentenced Petitioner to 12 years of prison time in 2017. Since then, Petitioner had enough time to file habeas petitions in state court, and even enough time to hear the final decisions (of rejection) to proceed accordingly. No part of this timeline makes Petitioner's case extraordinary.[5]

The primary concern behind the impending completion of a sentence is that detainees may over-serve a lawful sentence, *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016); *see also Hall v. San Francisco Superior Court*, No. C 09-5299 PJH, 2010 WL 890044, at *13 (N.D. Cal. Mar. 8, 2010) (finding that the brevity of petitioner's

---

[5] In fact, while Petitioner claims in his Objection that "he emphasized this as a principal reason for his requested stay," ECF No. 31 at 7, the Court views this as a misleading characterization. Petitioner's original argument in support of his Motion was his mental and emotional well-being and how the changed parole conditions affected that, with no discussion on the pending completion of his parole. *See* ECF No. 19-2 at 8–10. At best, Petitioner protests that he "might" be off parole by now if it were not for the Respondent's "gamesmanship" of filing a motion to dismiss. *See* ECF 19-1 at 3–4 and 11–12. Such issue is wholly separate from whether the sentencing term is too short to begin with that only a stay may remedy the concern.

sentence (2 years) qualifies as an exceptional circumstance, though still denying the motion for release due to low likelihood of success on the merits), and of course that is a valid concern.[6] But presenting the concern is not enough—the petitioner's concern must be more than "speculative." *McCandless*, 841 F.3d at 823. At the date of this Order there will still be more than two years left in Petitioner's parole term. And being "eligible" for early termination of parole by no means implies likelihood, let alone certainty. *See also* ECF 19-1 at 12 (discussing how Petitioner "might" be off parole).

## IV. CONCLUSION AND ORDER

Petitioner has failed to show the need for an extraordinary remedy of a stay. He could not establish a high likelihood of success on the merits, nor the existence of special circumstances. In addition, it is unclear that this Court even has the authority to stay a Petitioner's *parole term* pending resolution of these proceedings on the merits. *See United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016).

At the same time, the Court acknowledges that Petitioner's sentence (including his parole) is soon coming to an end. *Cf. Hall v. San Francisco Superior Court*, No. C 09-5299 PJH, 2010 WL 890044, at *13 (N.D. Cal. Mar. 8, 2010). While this fact alone is by no means a sufficient reason to grant Petitioner's Motion, the Court requests that the Magistrate Judge submit a timely report and recommendation on whether the Petition should be granted.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, **OVERRULES** Petitioner's Objection to the Report

---

[6] *Hilton v. Braunskill*, 481 U.S. 770, 777(1987) is not the appropriate case law to consider when assessing whether a court may stay a sentence due to special circumstances. In *Hilton*, the issue was whether a federal court may stay a state court order (and temporarily release the detainee from custody) once the federal court already decided to grant habeas relief and the state's appeal of that decision is pending. *Nken v. Holder*, 556 U.S. 418, 421 (2009) is not on point either for reasons previously discussed in Section III.A of this Order.

and Recommendation, and **DENIES** Petitioner's Ex Parte Motion to stay parole, or alternatively to be released on bail, pending the outcome of the habeas corpus proceedings on the merits.

**IT IS SO ORDERED.**

Dated: October 6, 2020

Hon. Gonzalo P. Curiel
United States District Judge